# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* CHRISTOPHER ROSS, JR., Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

CHRISTOPHER ROSS, JR.,

        Respondent-Appellant.

UNPUBLISHED
August 21, 2018

No. 331096
Oakland Circuit Court
Family Division
LC No. 2014-826056-DL

---

Before: SWARTZLE, P.J., and CAVANAGH and M. J. KELLY, JJ.

SWARTZLE, P. J. (*concurring*)

I concur in the judgment reached by the majority. With respect to the various issues on appeal, I agree with the majority that the trial court did not err by holding that respondent's trial counsel was not ineffective for failing to file a witness list, call several witnesses, or obtain a pretrial polygraph exam. I also agree with the majority that the trial court did not err by refusing to allow certain expert testimony or limiting the scope of the *Ginther*[1] hearing on remand. On the sole remaining issue of whether trial counsel was ineffective with respect to certain mobile phone records, I likewise agree with the majority, albeit for a slightly different, but in my opinion, important reason.

During the bench trial, there was never a question whether the minor respondent and the minor complainant engaged in sexual activity, the only question was whether it was consensual. Respondent maintained that it was consensual, and complainant maintained that it was not. The trial came down to a question of credibility, the trial court found complainant more credible than respondent, and respondent was adjudicated responsible on one count of CSC-IV, MCL 750.520e.

During the trial, there was a factual dispute about a collateral matter, complainant's mobile phone. Respondent consistently maintained that, just moments after the sexual activity,

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

he asked complainant if he could use her phone to call his mother, she agreed, and he called his mother but did not reach her. Complainant flatly denied letting respondent use her phone. If respondent was telling the truth about the phone, then this would suggest that (a) the two minors were on reasonably good terms immediately after the sexual activity,[2] and (b) respondent was credible on a contested issue of fact. If, instead, complainant was telling the truth, then her credibility would be comparatively bolstered.

On remand, the trial court heard conclusive evidence that respondent had, in fact, used complainant's phone at the time in question. Based on this, the trial court held that there was "a fatal inconsistency" in complainant's testimony about the mobile phone, and that this showed that complainant "was at a minimum unsure, at a maximum untruthful" on this collateral matter. This is a factual finding related to a witness's credibility and, in the absence of clear error, we must defer to the trial court. *People v Shaw*, 315 Mich App 668, 671-672; 892 NW2d 15 (2016). In a "he said/she said" credibility contest, determinations of who is telling the truth about a collateral matter can tip the scales between guilt and innocence (or, as here, between being adjudicated responsible or not), and the trial court recognized this in "questioning the fairness and soundness of its verdict." Thus, there is at least a colorable argument that had respondent and complainant testified as they did at trial, and had complainant been confronted with accurate phone records and her credibility consequently damaged, there is a reasonable probability that the outcome of the trial would have been different. *People v Solloway*, 316 Mich App 174, 188; 891 NW2d 255 (2016).

Yet this is not enough to show ineffective assistance of counsel, as the majority correctly recognizes. Respondent must also show that his trial counsel's performance fell below an objective standard of reasonableness, and we do not evaluate trial counsel's performance with the benefit of hindsight. *People v LaVearn*, 448 Mich 207, 216; 528 NW2d 721 (1995). On this score, the trial court's credibility determination with respect to respondent's mother cannot be squared with its conclusion that trial counsel's performance was objectively deficient.

During the remand hearing, respondent's mother testified that, prior to the trial, she gave trial counsel screenshots of her AT&T online account statement. For some unexplained reason, these screenshots did not show the call from complainant's phone to respondent's mother's phone (although it was later confirmed that such a call did take place), but the screenshots purportedly did show three calls from the mother's phone to complainant's phone about a minute or so after the first call was made. If trial counsel actually had these screenshots in hand prior to trial, then he should have subpoenaed the full records, as there is no plausible explanation for why respondent's mother would call complainant's phone three times at that precise time except for the obvious one—she was returning her son's call made just moments before.

Crucially, however, respondent's mother had *two* mobile phones, a personal one through AT&T and a work one through Verizon. Trial counsel testified during the hearing on remand

---

[2] It is possible, of course, that complainant could have let respondent use her phone out of fear or shock or some other reason consistent with her being sexually attacked. Yet, given complainant's testimony at trial, this line of questioning could not be explored.

that he believed that respondent's mother gave him "the wrong phone records," possibly from "a different phone number," i.e., the Verizon number. The records he received from the mother did not support respondent's position, according to trial counsel. Thus, if trial counsel did not, in fact, have the AT&T screenshots showing respondent's mother's three calls to the complainant's phone at the time in question, then he could not be faulted for not researching the matter further. Thus, this question comes down to a different "he said/she said" credibility contest—trial counsel versus respondent's mother.

In its ruling, the trial court found the testimony of respondent's mother "not credible." More specifically, with respect to which phone records were included in a binder that respondent's mother provided to trial counsel before trial, the trial court found her testimony "completely untruthful." It is this factual finding on credibility that undermines respondent's claim of ineffective assistance of counsel. Without a factual finding that trial counsel actually received, prior to trial, some evidence showing calls between respondent's mother's phone and complainant's phone, there is nothing in the record to suggest that trial counsel was reasonably put on notice to investigate the matter further. Thus, the trial court erred in holding that trial counsel's performance fell below an objective standard of reasonableness, and this error is fatal to respondent's claim of ineffective assistance of counsel.

For these reasons, I concur in the majority's judgment.


/s/ Brock A. Swartzle

-3-